E-FILED
Tuesday, 18 July, 2017  10:16:18 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JUDITH M. KRASEK RENO,          )
                                )
            Plaintiff,          )
                                )
    v.                          )        No.   16-CV-3276
                                )
WAL-MART STORE #3210,           )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

On October 4, 2016, Plaintiff filed her pro se Complaint and paid all filing fees in full.   Plaintiff thereafter filed a Motion to Request Counsel (d/e 2).   Plaintiff indicated that she is deaf and uses American Sign Language.   At the Court's request, Plaintiff provided financial information (d/e 4) to the Court.   Based upon the information provided, the undersigned determined that Plaintiff would benefit from appointment of counsel and proceeded to attempt to locate appropriate counsel.   Based upon Plaintiff's hearing impairment, the Court attempted to recruit pro bono counsel who had previously represented hearing-impaired people in this court.

Equip for Equality, a non-profit organization which provides legal representation for people with disabilities, agreed to meet with Plaintiff. Amanda Antholt, an attorney with Equip for Equality, indicated to the Court that the Plaintiff had contacted her and that the Plaintiff was initially responsive to requests for documents.   However, over a three-week period Ms. Antholt had been unable to reach the Plaintiff to schedule an interview despite numerous attempts.   The Court was advised that due to Equip for Equality's inability to reach the Plaintiff, it could not provide assistance in this matter.

By the Court's Order (d/e 5) entered May 4, 2017, Plaintiff was advised that due to her failure to follow-up with Equip for Equality, her request for counsel was denied.   Plaintiff was further advised that under Federal Rule of Civil Procedure 4(m) a plaintiff must serve the defendant within 90 days of filing of the complaint.   Plaintiff was granted an extension to July 3, 2017 to complete service upon Defendant.

As of this date, Plaintiff has not taken steps to perfect service on Defendant and has failed to comply with Rule 4(m).   The Court recommends that Plaintiff's Complaint be dismissed without prejudice for want of prosecution pursuant to Rule 4(m).

Plaintiff is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after being served with a copy of this Report and Recommendation.   See 28 U.S.C. § 636(b)(1).   Failure to file a timely objection will constitute a waiver of objections on appeal.   <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).   See Local Rule 72.2.

ENTER:   July 18, 2017

FOR THE COURT:

_____*s/ Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE